# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

August 7, 2026

Lyle W. Cayce
Clerk

No. 26-20056
Summary Calendar

———————————

JAN ELIZABETH LIGHTFOOT, PH. D., *Doctor*, *also known as* JAN CHRISTOPHER, *also known as* JANICE MARIE BANKS,

*Plaintiff—Appellant*,

*versus*

OAK BEND MEDICAL CENTER; COURTNEY LANDRY, *Doctor*; REGISTERED NURSE CATHY LANDRY; SW RONNIE CAULEY; KATHERINE OLIVER, *Et al.*,

*Defendants—Appellees*.

———————————————————————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:25-CV-837

———————————————————————

Before JONES, HO, and WILSON, *Circuit Judges*.

PER CURIAM:*

Jan Elizabeth Lightfoot, Ph.D., challenges the dismissal of her complaint under Federal Rule of Civil Procedure 12(b)(6). With the benefit of liberal construction, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), she

---

* This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

raises nine claims: (1) the district court's denial of her motion to amend the case caption constituted structural error; (2) the district court failed to apply federal-question jurisdiction; (3) the district court's actions concerning the summons denied her access to the courts; (4) the district court erred when it sua sponte dismissed the complaint with prejudice without addressing certain pieces of evidence; (5) the district court procedurally erred when it sua sponte dismissed the complaint with prejudice; (6) certain comments by the district court demonstrated judicial bias; (7) the district court's failure to address a claim pertaining to a bankruptcy check was due to a conflict of interest; (8) the district court's actions constituted obstruction of her rights; and (9) the defendants violated federal laws and regulations pertaining to her privacy rights.

We review a district court's dismissal under Rule 12(b)(6) de novo. *Sw. Bell Tel., LP v. City of Houston*, 529 F.3d 257, 260 (5th Cir. 2008). The facts alleged in the complaint must be taken as true and viewed in the light most favorable to the plaintiff. *Green v. Atkinson*¸ 623 F.3d 278, 280 (5th Cir. 2010). Nonetheless, a complaint will not proceed unless it "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted).

The district court's denial of Lightfoot's motion to amend the case caption did not constitute error, structural or otherwise. *See Arizona v. Fulminante*, 499 U.S. 279, 310 (1991). The district court did not conclude that it lacked jurisdiction to adjudicate the matter but rather dismissed the complaint pursuant to Rule 12(b)(6). Furthermore, the district court did not err in denying Lightfoot's motion for service by a United States marshal. *See* FED. R. CIV. P. 4(c)(1), (3). Additionally, the record reflects that the district court considered Lightfoot's claims before sua sponte dismissing her complaint. *See Sw. Bell Tel., LP*, 529 F.3d at 260.

No. 26-20056

Lightfoot's argument that the district court procedurally erred when it dismissed her complaint before service was completed is unavailing given that she had notice and an opportunity to respond before the dismissal, *see Carver v. Atwood*, 18 F.4th 494, 498 (5th Cir. 2021); *Century Sur. Co. v. Blevins*, 799 F.3d 366, 372 (5th Cir. 2015), and given that she fails to show that the district court abused its discretion in denying her leave to amend her complaint further before dismissal, *see Hutcheson v. Dallas Cnty.*, 994 F.3d 477, 483 (5th Cir. 2021). Her judicial bias argument is also unpersuasive. *See Liteky v. United States*, 510 U.S. 540, 555 (1994); *United States v. Scroggins*, 485 F.3d 824, 830 (5th Cir. 2007). Regarding her argument about the bankruptcy check, the district court did not err in concluding that she failed to state a cognizable claim. *See Iqbal*, 556 U.S. at 678. Additionally, Lightfoot has failed to adequately brief an argument that the district court's action obstructed her rights. *See Mapes v. Bishop*, 541 F.3d 582, 584 (5th Cir. 2008). Regarding her privacy rights, Lightfoot fails to show that the district court erred in concluding that she failed to state a cognizable claim for relief. *See Iqbal*, 556 U.S. at 678; *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002).

AFFIRMED.